[S. F. No. 15665. In Bank.—September 2, 1936.]

MINNA MAYBELLE BALLINGER, Respondent, v. WARREN N. BALLINGER, Appellant.

George K. Ford and Simpson Finnell, Jr., for Appellant.

Frederick W. Kant and Horace T. Beverly for Respondent.

THE COURT.—After trial, and in accordance with the allegations of the complaint, the court below found that plaintiff's predeceased husband, without her knowledge or consent, had made a gift to defendant of certain community personal property, consisting of shares of stock, from which said court concluded that the gift was void as to one-half of the property so transferred. It accordingly entered its decree quieting plaintiff's title to a specified number of such shares, representing one-half, and directing the defendant to transfer the same to plaintiff. The decree provides further that if defendant fails to have the transfer of the shares made on the books of the corporation and

fails to have new certificates issued to plaintiff within a designated time the same shall be done by an appointed commissioner.

Defendant noticed an appeal therefrom and at the same time deposited with the clerk of the court below the certificates representing the shares involved in this litigation duly endorsed and assigned to plaintiff with instructions to the clerk to retain the same during the pendency of the appeal. Because of defendant's asserted inability to furnish a stay bond in an amount fixed by the trial court, this court, upon his *ex parte* application which alleged compliance with section 943 of the Code of Civil Procedure, issued a writ of *supersedeas* staying execution of the judgment pending the determination of the appeal.

Thereafter, the plaintiff and respondent petitioned for a rehearing of the application for a *supersedeas,* urging that as a prerequisite to the granting thereof it was incumbent upon defendant and appellant that he comply with the provisions of section 944 of the Code of Civil Procedure. This court thereupon, and after mature consideration of the matter, made an order submitting the petition for rehearing and specifying therein that the petition would be granted unless the defendant and appellant within ten days ''shall, pursuant to sections 943 and 944 of the Code of Civil Procedure, deposit with the Clerk of the trial court sufficient new certificates of stock, as mentioned in the order and judgment rendered in favor of plaintiff, which said certificates . . . shall be issued in the name of [plaintiff and respondent], as provided in the decree and judgment of the trial court.''

It was subsequently brought to our attention by affidavit that defendant and appellant had failed to comply with the terms of the quoted order of this court whereupon, after reciting all of the pertinent facts, we made our further order granting the requested rehearing.

It is obvious from our above-quoted order that we have heretofore concluded· that it was indispensable for defendant and appellant to comply with the provisions of section 944 *supra,* if a *supersedeas* was to issue herein. As stated, he has failed so to do and the application for the writ must therefore be denied.

A petition for rehearing was denied on October 1, 1936, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing herein is denied.

Assuming, for the purpose of argument only, that the court was in error in requiring the appellant to comply with the provisions of sections 943 and 944 of the Code of Civil Procedure as a prerequisite to the granting of an application for *supersedeas*, *supersedeas* is a discretionary writ, and it was within the province of the court to prescribe that a certain thing be done as a prerequisite to the granting of such writ. The appellant not having complied with the conditions prescribed by the court, by the doing of such thing, the court was within its province in denying the petition.